OPINION
Plaintiff-appellant Debra A. Prologo (hereinafter "wife") appeals the November 30, 2000 Final Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which granted wife and defendant-appellee Randall L. Prologo (hereinafter "husband") a divorce on the grounds of incapability, and provided for the sale of the parties' marital residence and a second piece of real property as well as the division of the proceeds therefrom.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on June 4, 1988, in Alliance, Ohio. One child was born as issue of said union, to wit: Kacie N. Prologo (DOB 8/5/89). Wife filed a Complaint for a Divorce in the Stark County Court of Common Pleas, Domestic Relations Division, on December 7, 1999. Husband filed a timely answer and counterclaim for divorce. The trial court scheduled a final hearing on the matter for August 29, 2000.
On the day of the scheduled trial, Attorney Jeff Jakmides, counsel for wife, advised the trial court the parties had reached an agreement as to the division of property and the grounds for the divorce. The parties proceeded to state their agreement on the record. The trial court approved the agreement on the record. On November 29, 2000, wife filed a Motion for Judgment, moving the court to enter a final judgment of divorce in accordance with the proposed judgment entry attached to the motion. With respect to the property division, wife's proposed judgment entry provided:
 12) The marital residence of the parties together with the mobile home located on the same premises shall be sold forthwith, the mortgage paid and any proceeds, after payment of expenses, shall be divided equally between the parties. (Transcript page 7, lines 7-22.)
 13) The real estate and mobile home occupied by Husband's mother has been appraised for $84,000. The sum of $28,000.00 shall be paid to the Wife as share of this marital asset. (Transcript page 7, lines 22-25). STIPULATED (Transcript page 7, lines 23-25).
The trial court filed its final Judgment Entry on November 30, 2000. With respect to the property division, the trial court's judgment entry provides:
 12. The marital residence of the parties together with the mobile home located on the same premises be sold forthwith and the proceeds of said sale be first paid to Joan Prologo [husband's mother] in the amount of $28,000.00 and the balance, after payment of expenses, shall be divided equally between the parties.
Wife filed a Motion to Correct Error in Court's Judgment on December 14, 2000, asserting the trial court's final judgment entry relative to the property division did not reflect the stipulated agreement of the parties. Wife filed a Notice of Appeal of the November 30, 2000 Judgment Entry on December 27, 2000. Via Judgment Entry filed January 22, 2001, the trial court denied wife's motion to correct, noting the "issue is currently under appeal."Wife assigns as error:
 I. THE TRIAL COURT ERRED IN ENTERING A JUDGMENT NOT IN CONFORMANCE WITH THE PARTIES [SIC] AGREEMENT AND DIFFERENT FROM THE AGREEMENT APPROVED BY THE COURT.
 II. THE TRIAL COURT INTENTIONALLY DEPRIVED THE PLAINTIFF-APPELLANT OF DUE PROCESS OF LAW.
 I
In her first assignment of error, wife maintains the trial court erred in entering a judgment which is not in conformance with the parties' agreement and which was different from the agreement read into the record and approved by the trial court. Specifically, wife asserts the parties made no agreement regarding the sale of the mobile home, but only agreed husband would pay wife $28,000 for her interest in said property. The trial court, however, ordered the mobile home to be sold, together with the marital residence, and the proceeds therefrom, less the mortgage on the marital residence and $28,000 to be paid to husband's mother, would be split by the parties.
On August 29, 2000, the parties placed their agreement on the record. The following dialogue occurred:
 Q. [Attorney Jeff Jakmides]: Okay. We've also agreed to sell the marital real estate and out of the proceeds of that marital real estate, the mortgage will be paid and any left over would be divided between the two of you, correct?
A. [Wife] Correct.
 Q. There's another piece of real estate and a mobile home where his mother lives. That's valued at $84,000.00, understand that?
A. Yes, I do.
Q. You agree with that valuation?
A. Yes.
 Q. That will be divided one-third to you, one-third to Mr. Prologo, one-third to his mother, is that acceptable to you?
A. Yes.
Q. That's roughly $28,000 per person.
 BY MR. WIRTZ [Counsel for husband]: Your Honor, we agreed to a stipulated amount, not a third, third, third, we agreed to $28,000.00.
 BY MR. JAKMIDES: $28,000.00 is a third of $84,000.00 and that's what we have it appraised at.
 BY MR. WIRTZ: But, you know, we need the number so that this lady can start over.
 BY MR. JAKMIDES: Okay, well, $28,000.00 is a third of $84,000.00 and that's acceptable to you right.
A. (no audible answer).
* * *
 Q. All right, now Debbie, is there anything else that we need to talk about that we haven't discussed here this morning? * * *
 A. Other than I do have a question as far as the real estate being sold, ahh, so in other words, we're listing that as two parcels, selling the home, or are we selling it as one then paying off the mortgage and then splitting it?
 A. [sic] Well, my understanding is the house will be sold and that mortgage paid off, the marital house. The other property they have to buy you out with $28,000.00. I mean, they can sell it to get that money if they want to, but they got to buy you out of that.
A. Okay, * * *
August 29, 2000 Transcript at 7-8, 11-12.
We find, pursuant to the agreement as put on the record, husband was required to pay wife $28,000 for her interest in the mobile home. The parties were not required to sell the mobile home in order for husband to satisfy this obligation. Accordingly, we find the trial court erred in issuing its final judgment entry, which was not in accordance with the parties' agreement and which the trial court accepted on August 29, 2000.
Wife's first assignment of error is sustained.
 II
In light of our disposition of wife's first assignment of error, wife's second assignment of error is overruled as moot.
The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded to that court to reissue its judgment in accordance with our opinion.
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings in accordance with our opinion. Costs assessed to appellee.
 ______________________________ By: Hoffman, J.
Gwin, P.J. and Farmer, J. concur.